# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 156 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Hoang vs. Cumberland Farms Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* [4] is granted and the Court requests that the U.S. Marshals Service effectuate service of Plaintiff's complaint [1]. Plaintiff's motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Along with the complaint [1], Plaintiff Anthony Hoang has filed an application for leave to proceed *in forma pauperis* [4] and a motion for appointment of counsel [5]. In his application and financial affidavit, Plaintiff avers that he is currently unemployed, has no monthly income from any other source, has no significant savings or assets apart from an automobile valued at approximately $3,000. Based on those representations, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4] and requests that the U.S. Marshals Service effectuate service of Plaintiff's complaint [1] on Defendant. See Fed. R. Civ. P. 4(c)(3).

Plaintiff's motion for appointment of counsel [5] is denied without prejudice. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C. § 1915(e)(1). However, civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, a court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try the case himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The court should consider the capabilities of the plaintiff to litigate his own case in deciding whether to appoint counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

## STATEMENT

Upon consideration of the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. The Court cannot ascertain from Plaintiff's motion whether he has made reasonable efforts to obtain counsel on his own. Plaintiff only indicates that he has contacted "Legal Aids [sic]" in his attempt to secure representation. It is unclear which organization or attorneys Plaintiff has actually contacted or what the outcome of those efforts was. Furthermore, the Court cannot determine at this early stage of the case whether Plaintiff would be capable of litigating this case or whether assistance of counsel would provide a substantial benefit tot he Court or to the parties. Therefore, Plaintiff's motion for appointment of counsel [5] is denied without prejudice. Plaintiff may renew the motion – and, indeed, the Court may reconsider the issue of appointment of counsel on its own motion – after Defendant files a responsive pleading or at any later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.